HEIRS OF GUTIÉRREZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* PONS ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Arecibo in an Action of Revendication.

No. 2948.—Decided January 25, 1924.

REVENDICATION — OWNERSHIP — FORECLOSURE — PRESCRIPTION. — It having been proved that in 1913 the defendant purchased from *A* the property sought to be recovered; that *A* had acquired it in 1907 from *B*, who purchased it at a forced sale, and that its possession by the defendants for more than ten years, as between persons present, had been uninterrupted, it follows that the defendant acquired ownership by prescription.

ID.—ID.—ID.—EVIDENCE.—Evidence of the invalidity of the foreclosure proceeding which terminated in the sale of the property of the plaintiff's predecessors can not be admitted in an action to recover a part of that property from one who was not a party to the foreclosure proceeding for the purpose of proving that the latter held the property knowing that he was not its lawful owner.

ID.—ID.—ID.—ID.—Evidence not in rebuttal of that of the defendant, but to establish facts not set up in the complaint, is not admissible.

The facts are stated in the opinion.
*Messrs. L. Mercader* and *E. Marín* for the appellants.
*Mr. F. Parra* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of Hipólito Gutiérrez and of his wife, Martina Dávila, brought an action of revendication against Pablo Pons in the year 1921, alleging that up to the time of their deaths, which occurred in 1902 and 1908, respectively, their parents were the owners of a property of 68 acres, of which defendant Pons was in possession of 20 acres without any title thereto and knowing that he was not its lawful owner.

The complaint was answered by Pons and by the Crédito y Ahorro Ponceño as warrantor. They made a general denial of all of the allegations of the complaint and alleged as defense that Pons was the owner of the said 20 acres of

land by acquisitive prescription, setting forth the necessary facts therefor.

After trial judgment was rendered contrary to the prayer of the plaintiffs and they took the present appeal.

Although it was alleged in the complaint that the main property had an area of 68 acres, the evidence as a whole showed that its area was 78 acres and on that point there was no controversy between the parties.

We may admit, in accordance with the first ground of appeal, that the plaintiff heirs proved that their parents were the owners of the property of 78 acres and that the plaintiffs were their heirs.

However, the plaintiffs can not recover the parcel of 20 acres sued for as a part of the 78 acres, because defendant Pons proved that he purchased it in 1913 from the Crédito y Ahorro Ponceño and that the latter purchased it in 1907 from Manuel Mejías, who had purchased it at a judicial sale, Pons and the Crédito y Ahorro Ponceño having held possession under that color of title for more than ten years as owners among persons present, quietly, peaceably and uninterruptedly, for which reason Pons acquired the ownership of it by prescription under sections 1831, 1841, 1851, 1853 and 1858 of the Civil Code.

It is true that the plaintiff heirs alleged in their complaint that Pons held possession of the property of 20 acres knowing that he was not its lawful owner and that they attempted to prove this by offering in evidence a part of the record of a foreclosure proceeding brought in 1907 by Manuel Mejías, as assignee of a mortgage created on the 78 acres by Hipólito Gutiérrez in favor of Manuel Belén Pérez, against Hipólito Gutiérrez in the Municipal Court of Utuado, consisting of the complaint; an order of the court for summoning defendant Hipólito Gutiérrez and the return of the marshal; a motion for judgment made by Mejías and the ruling thereon; the writ of execution

issued by the clerk; the levy thereunder; the report of the judicial sale and the notice published; a final motion made by the plaintiff, and an order of the court that the marshal execute a deed of sale in favor of Mejías. But these documents were not admitted in evidence by the court.

The trial court did not err in refusing to admit this record in evidence, for although it might have proved that the foreclosure proceeding was void, it did not prove that Pons held possession knowing that he was not the lawful owner of the 20 acres, inasmuch as he was not a party to the said proceeding.

The appellants also complain that the court refused to admit evidence offered by them to rebut that of defendant Pons.

The evidence of the defendant consisted of various public documents showing that Mejías purchased the property of 78 acres at a judicial sale; that he sold 20 acres of it to the Crédito y Ahorro Ponceño, and that the latter sold to Pons a large property called Anita. The oral evidence corroborated these sales and explained that when the Crédito y Ahorro Ponceño sold him the property called Anita composed of several properties it sold him also the property of 20 acres and gave him possession of it, although by mistake it was not included in the deed.

The plaintiffs then attempted to offer testimony and documentary evidence to show that the title of the defendant was void and his possession unlawful and in bad faith, but the court refused to admit the evidence.

In fact the evidence offered was not to rebut that of the defendant, but to establish facts not alleged in the complaint; therefore, we can not hold that the court erred in refusing to admit it.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.